THE MULBERRY HILL COAL COMPANY, Appellee, vs. THE
ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. CONSTITUTIONAL LAW—*statute requiring railroads to furnish cars within reasonable time does not violate Federal constitution.* Section 22 of the act in relation to the operation of railroads, which requires railroad companies to furnish cars for the transportation of property within a reasonable time after such property is offered for transportation, does not violate the commerce clause of the Federal constitution, as the reasonable time required depends upon all the existing circumstances, including the requirements of inter-State commerce carried on by the railroads.

2. SAME—*railroad engaged in inter-State commerce is not absolutely absolved from State control.* The fact that a railroad corporation of this State is engaged in inter-State commerce does not entirely emancipate it from the control of the State, nor deprive the State of power to require the performance of duties that do not impose any burden upon inter-State commerce or disable the corporation in any way from carrying on such commerce.

3. RAILROADS—*when coal mine is an established stopping place.* A coal mine one mile and a half from a regular railroad station is an established stopping place for receiving freight, within the meaning of section 22 of the act concerning the operation of railroads, where the railroad company has constructed a switch at the mine for loading coal.

4. SAME—*coal need not be on surface of ground to be ready for transportation.* If a coal company has the coal in the mine and miners to mine and load it and the facilities and machinery for that purpose, it is not essential, in order to hold a railroad company liable for a failure to furnish cars within a reasonable time, as required by the statute, that such coal shall have been brought to the surface and put in position to dump on the cars when received.

APPEAL from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, (JOHN G. DRENNAN, of counsel,) for appellant.

J. O. MILLER, and WINKELMANN & OGLE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action on the case brought by the Mulberry Hill Coal Company, appellee, against the Illinois Central Railroad Company, appellant, to recover damages on account of the failure of appellant to furnish cars at the coal mine of appellee within a reasonable time after the same were required for the transportation of coal. At the trial before the court and a jury the appellant, at the close of all the evidence, moved the court to dismiss the suit on the ground that section 22 of the act in relation to fencing and operating railroads, requiring railroad corporations to furnish cars within a reasonable time for the transportation of property offered for such transportation, is null and void because it is repugnant to the commerce clause of the constitution of the United States. The court denied the motion, and after a verdict rendered judgment for $716.92, the amount of money lost by the appellee in consequence of the failure of the appellant to comply with the statute. An appeal was taken to this court upon the ground that the validity of the statute is involved.

That part of section 22 in question is as follows: "Every railroad corporation in the State shall furnish, start and run cars for the transportation of such passengers and property as shall, within a reasonable time previous thereto, be ready or be offered for transportation at the several stations on its railroads and at the junctions of other railroads, and at such stopping places as may be established for receiving and discharging way-passengers and freights."

It was proved at the trial that the railroad of the appellant extends through a number of States and that it is engaged in commerce between them, and therefore it is contended that the statute, as applied in this case, is a burden upon inter-State commerce. Congress has exclusive control over inter-State commerce and respecting that subject its authority is paramount, but we are not able to

discover that this statute either regulates inter-State commerce or its instrumentalities or burdens such commerce in any way. The only requirement of the statute, as applied in this case or any other case, is, that the railroad corporation shall furnish cars, within a reasonable time after they are required, to transport the property offered for transportation, and what would be a reasonable time in any case would depend upon all the circumstances and conditions existing, including the requirements of the inter-State commerce carried on by the corporation. Congress has exclusive jurisdiction over inter-State commerce, but we do not understand that a railroad corporation created by a State may, by engaging in inter-State commerce, emancipate itself from all control by the State, and that thereafter the State granting the franchise and endowing the corporation with all its powers will have no authority to require the performance of the undoubted duty of carrying property offered for transportation, where the requirement does not impose any burden upon inter-State commerce or disable the corporation in any way from carrying on such commerce. If that were so the State would be powerless to prevent a railroad corporation from running its trains through the State without making any provision for local transportation or the discharge of any duty as a common carrier within the State. The cases cited and relied upon by appellant do not sustain such a doctrine. In *Houston and Texas Central Railroad Co.* v. *Mayes,* 201 U. S. 221, cars were demanded for an inter-State shipment, and the statute penalized the railroad company in the sum of $25 per day for each car for a failure to furnish cars within a certain number of days after a requisition for the same. The railroad company must furnish cars on the particular day named or incur the penalty. The requirement was peremptory, except in case of strikes or public calamities, regardless of all duties arising in inter-State commerce, and manifestly that was an attempt by the State to inter-

fere with inter-State commerce. In *St. Louis and South-ern Railroad Co.* v. *Arkansas,* 217 U. S. 136, the railroad commission of the State of Arkansas promulgated a rule by which a railroad company must furnish cars within five days after a written application therefor by a shipper. The State sued to recover penalties amounting to $1950, and the Supreme Court of the United States said that the ruling of the court below necessarily involved an assertion of power by the State to absolutely forbid the efficacious carrying on of inter-State commerce. The demands of the shipper in the State of Arkansas were to be complied with regardless of all other circumstances, and the rule amounted to prohibiting or unlawfully hindering the right to carry on inter-State commerce. The section here in question does nothing of the kind, but only requires a railroad corporation to furnish cars within a reasonable time, in view of all the circumstances and conditions, for carrying the products of the citizens to market. The court did not err in denying the motion.

It is argued that the coal mine was not within the provision of the statute because it was a mile and a half from the regular station of Freeburg. The railroad ran by the mine and the company had constructed a switch for loading coal. As it had established that place for receiving freight it came within the statute. The appellee had the coal in its mine, the miners to mine and load it and the facilities and machinery for that purpose, and it was not essential, in order to hold the appellant liable, that it should have brought the coal to the surface and put it in position to dump into cars, which would have largely increased the damage suffered from the failure to obtain the cars.

The judgment is affirmed.     *Judgment affirmed.*